UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIA R., | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 1570 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| ANDREW SAUL, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Julia R. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying her application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.

**Background**

Plaintiff applied for benefits on March 13, 2014, alleging a disability onset date of January 1, 2011. (R. 101.) Her application was denied initially and on reconsideration. (R. 100, 109.) Plaintiff requested a hearing, which was held by an administrative law judge ("ALJ") on June 29, 2016. (*See* R. 40-99.) Subsequently, the ALJ found that plaintiff was not disabled. (R. 1305-13.) Plaintiff appealed the decision to this Court, which remanded the case to the SSA for further proceedings. (R. 1353.) After another hearing, an ALJ again denied plaintiff's claim. (R. 1365-80.) Plaintiff did not request Appeals Council review and the Appeals Council did not otherwise assume jurisdiction, making the ALJ's decision the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). 20 C.F.R. § 404.984.

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from the alleged onset date through her date last insured ("DLI"). (R. 1367.) At step two, the ALJ determined that, through her DLI, plaintiff had the severe impairments of cervical degenerative disc disease and obesity. (*Id.*) At step three, the ALJ found that, through the DLI, plaintiff's impairments did not meet or medically equal the severity of a listed impairment. (R. 1368.) At

step four, the ALJ found that, through the DLI, plaintiff was unable to perform any past relevant work but had the RFC to perform sedentary work with certain exceptions. (R. 1369, 1377.) At step five, the ALJ found that, through the DLI, jobs existed in significant numbers in the national economy that plaintiff could have performed, and thus she was not disabled. (R. 1378-79.)

The ALJ determined that, before her DLI, plaintiff had the RFC to perform sedentary work, could "occasionally climb[] ramps and stairs, never climb[] ladders, ropes and scaffolds, occasionally stoop[], crouch[], kne[el] and crawl[], . . . frequently reach[] with her non-dominant left upper extremity . . . . [,] [and] ha[ve] no more than frequent exposure to workplace hazards including unprotected heights, moving mechanical parts, and operating motor vehicles." (R. 1369.) Plaintiff contends that this determination is flawed because it does not mirror any of the medical opinions. (Pl.'s Br., ECF 21 at 7.) However, the RFC determination is the province of the ALJ, 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), and "an ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians [in making that determination]." *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007). Rather, the ALJ is required to make the RFC determination based on all of the evidence in the record, 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3), which is what the ALJ did here. Thus, the ALJ's failure to parrot the limitations endorsed by any one physician does not invalidate the RFC.

The Court agrees, however, that the ALJ erred by failing to accommodate the limited range of motion plaintiff has in her neck. Plaintiff testified that she cannot read something that is placed on a table because it is "too stressful on [her] neck" and does not drive because she cannot turn her head (R. 1289-90), testimony that is consistent with the repeated complaints of neck pain in her medical records. (*See, e.g.*, R. 317, 324, 331, 339, 358, 378.) The ALJ claims to have accommodated plaintiff's "consistent reports of chronic neck . . . pain" by limiting her to sedentary

3

work with "postural . . . limitations," but none of those limitations concerns neck movement. (*See* R. 1374.) The ALJ's failure to address plaintiff's neck problems in the RFC, though purportedly crediting plaintiff's testimony about them,[1] is reversible error. *See Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014) ("[T]he ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record."). Accordingly, this case must be remanded for a reassessment of plaintiff's testimony and redetermination of the RFC.

## Conclusion

For the reasons set forth above, the Court denies the SSA's motion [25], reverses the SSA's decision and remands this case for further proceedings consistent with this Memorandum Opinion and Order pursuant to sentence four of 42 U.S.C. § 405(g). This case is terminated.

**SO ORDERED.**   **ENTERED:   December 17, 2019**

**M. David Weisman**
**United States Magistrate Judge**

---

[1] The Court says "purportedly" because, immediately after stating that the RFC accommodates plaintiff's complaints of pain, the ALJ appears to discredit those complaints. (*See* R. 1374 ("[T]he claimant generally remained able to live independently and meet personal responsibilities with a degree of independence, appropriateness, effectiveness, and sustainability that is not consistent with her allegation of severe pain . . . .").) To the extent the ALJ equated plaintiff's ability to engage in activities of daily living with the ability to work full time, she erred. *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (stating that the ability to engage in "minimal daily activities . . . do[es] not establish that a person is capable of engaging in substantial physical activity."); *Sheahan v. Colvin*, No. 14 CV 5766, 2016 WL 3261546, at *8 (N.D. Ill. June 14, 2016) ("Minimal daily activities such as preparing simple meals, weekly grocery shopping, and taking care of family members do not establish that a person is capable of engaging in substantial physical activity.").